United States v. McClinton is our next case for argument today. Ms. Oakley. May it please the Court, Mr. Reitz. My name is Karen Oakley and I represent Dayonta McClinton, the appellant in this matter. Mr. McClinton raises two issues before this Court. The first issue is that he did not receive effective assistance of counsel for the juvenile transfer case. And as such, his case should not have been transferred to the adult court. And the second issue is that... Ms. Oakley, have you discussed with your client the risks of raising an ineffective assistance claim on direct appeal? Yes, Your Honor. It's essentially impossible to win because there's no record. But in this case, there is a record, Your Honor. And I can speak specifically. Mr. McClinton had counsel by the name of Mr. Staples. Ralph Staples represented him. Mr. Staples failed to appear. Let me back up a little bit. Mr. Clinton, the crime was committed when Mr. Clinton was 16 years old. When he was 18 years old, he was charged with the crime. When he was 20 years old is when they had the juvenile transfer case. Mr. Staples was his attorney. Mr. Staples failed to appear at several hearings, and that is in the record. Mr. Staples was sanctioned by the court for $500. He was again sanctioned by the court for $1,000. Your Honor, I'm lost. The argument in your brief is ineffective assistance by failing to take an appeal, not ineffective assistance in some other way. Is there any record about why an appeal was not taken, what the pros and cons were, what the lawyer and his client discussed at the time? Your Honor, I will say that in my reply brief, I fixed that a little bit. No, you can't add claims in a reply brief. I wish you would address my question. Yes. Is there any record about why an appeal was not taken, what the attorney and his client discussed, whether the client asked counsel to appeal, and so on? No, Your Honor. There's nothing in the record. All right. Well… We have a case without a record. In an ineffective assistance claim without a record, the defendant can lose but not win. So I repeat my question. Is this something you really wish to have presented now? I do, Your Honor. I'm worried about the same thing, Ms. Oakley, because not pursuing it now doesn't shut it off forever. The Supreme Court has instructed in Massaro that in all but the most extraordinary cases where perhaps there would be a record, this is cognizable on a 2255 motion. And I'm very concerned that you're trying to knit together this – I mean, this is a terrible lawyer. I'll stipulate that, you know, who doesn't show up in court and who is irresponsible with his client. But I didn't see anything linking those failures to appear with the decisions about the transfer from juvenile to adult status. And without that link, they really just aren't relevant right now. They're not relevant to your claim.  Ms. Oakley, forgive me before you go on. We are giving you the strongest possible hint here. And we are urging you to consult with your client about whether he wants you to proceed on this claim or withdraw it. You see, if you raise it now, right now, these claims can't be raised again on collateral review, which is where they belong. You will have waived them forever. And I understand that, Your Honor, and I discussed that with my client. The facts that you cite in your reply brief about the attorney's deficient performance are not facts that are in the record in this direct appeal. Do you understand? Yes, I do. You have three judges trying to help you. I understand, Your Honor, but if you will look at this case, you will see that my client has filed several pro se things against my wishes. It is the duty of a lawyer to protect a client from his own improvidence. I will give you one more fact. The Seventh Circuit was created 130 years ago in 1891. The number of ineffective assistance claims on direct appeal that has succeeded in 130 years is zero. And I understand that, Your Honor. I did speak with my client about raising this, and he was insistent upon raising it. I advised him that it was not a good idea. It is, well, you have the authority as his lawyer to decide what issues to present. Then at this time, Your Honor, I wish not to present that issue. All right. We've done our best. So you are not presenting that issue? I am not presenting that issue. All right. You are withdrawing that issue, correct? Yes, I am. Excellent. And the other issue is controlled by Watts, which we lack authority to overrule. But, Your Honor, the other issue with regard to enhancements is Mr. McClinton was enhanced for a crime that he was acquitted of. That's what Watts holds. If you wish us to issue an order confirming that you have duly preserved a challenge to Watts for presentation to the Supreme Court, we are happy to certify that you have not waived it. Thank you. You have brought it up in the proper course of things, and that's a responsible thing for a lawyer to do. And thank you, Your Honor. I do wish for you to issue such an order. I just wanted to say thank you for allowing me to appear today, and I have nothing further. Okay. Very good. Thank you. Thank you very much, Ms. Oakley. Mr. Wright, I don't think you have much that you need to respond to at this point. May it please the Court, Prime Minister of the United States, we would just say we accept that the Watts argument has been preserved. If there are no further questions. Aren't you glad you had two cases today? I am. The second one was relatively painless, Your Honor. Was it a trip to rainy Chicago? Yes. Thank you. Thank you. To beautiful, scenic Chicago. In general, yes. Especially today. Compared to Indianapolis, generally, yes. Yes. Okay. The case is taken under advisory.